UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: _____

| | |
|---|---|
| Fernanda Garcia Cabrejas, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| MillerKnoll Inc. | ) |
|  | ) |
| Defendant. | ) |

## **COMPLAINT**

Plaintiff, Fernanda Garcia Cabrejas, sues the Defendant, MillerKnoll Inc., and alleges as follows:

1. This action arises out of Plaintiff's employment relationship with Defendant, including her wrongful termination in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq. ("FMLA").[1]

### **PARTIES**

2. At all times material, Plaintiff was a resident of Miami-Dade County, Florida.

3. At all times material, Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2)(A).

---

[1] Plaintiff also has a related pending discrimination claim pending with the Equal Employment Opportunity Commission based on her sex and national origin. This complaint will be amended as soon as a Right to Sue letter is issued by the EEOC

1

4. Defendant is a Michigan corporation that operates nationwide including Miami-Dade County, Florida.

5. At all times material, Defendant was an "employer" as defined by 29 U.S.C. § 2611(4).

6. Defendant has 50+ employees.

7. Plaintiff had worked for Defendant for 1250 hours over 12 consecutive months at the time of her termination.

8. Defendant and Plaintiff are both covered under the FMLA.

## JURISDICTION AND VENUE

9. Plaintiff brings this action pursuant to the FMLA, 29 U.S.C. § 2601 et seq.

10. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(3) and (4) and 28 U.S.C. § 2617.

11. Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of by Plaintiff occurred within this judicial district.

## GENERAL ALLEGATIONS

12. Ms. Garcia worked for the predecessor Defendant, Herman Miller, beginning in 2012 in Mexico City. Around 2017, at the urging of the company, she transferred to the United States. The company sponsored her immigration process.

13. Herman Miller merged with Knoll to form MillerKnoll in July 2021.

14. Ms. Garcia had the position of International Sales Manager at the time of her termination. She had previously been promoted from an A&D representative.

15. She was always considered a good employee having never received any disciplinary commentary from Defendant. She had even recently received a Cube award for

accomplishing her sales goals.  The company thought high enough of her to encourage her move from Mexico City.  From her date of hire until her unlawful termination, Ms. Garcia received satisfactory feedback from Defendant about her work performance.

16. In July of 2021, Ms. Garcia verbally informed her supervisor that she was pregnant.

17. On October 4, Ms. Garcia was issued a new supervisor, Duarte Cabral.  Right away he scheduled several meetings with her in order to get to know his new employee and to get acclimated.

18. Upon seeing these scheduled meetings and greeting Mr. Cabral, Ms. Garcia informed him that she was pregnant.

19. Shortly after the pregnancy information was given to Mr. Cabral he cancelled all of the scheduled meetings.  These meetings were never rescheduled.  In fact, he cut off almost all communication with Ms. Garcia to the point that she had to go out of her way to track him down for approvals.

20. Around November 2021, Ms. Garcia was notified that she would be terminated at the end of the year.  The reason given was restructuring following the merger.

21. At the time of her termination, there were several similar positions open within the company.  After suggesting that she could transfer to these positions instead of termination, the company agreed to let her apply.

22. Considering her ten years of experience, positive reviews, familiarity with the company, and solid interviewing, Defendant did not hire Ms. Garcia for the other positions.  Clearly she was not hired due to her pending need to take her FMLA Leave.

23. Defendant terminated Ms. Garcia due to the likely Family Medical Leave she would need in the near future considering her pregnancy.

24. Defendant was aware that this leave would be needed because it is assumed that a pregnant employee will need to take time off to have the child.

25. Due to the termination, Ms. Garcia found herself without a job and without insurance coverage at the time when she would be giving birth.

## COUNT I: INTERFERENCE WITH FMLA RIGHTS

26. Ms. Garcia repeats and re-alleges paragraphs 1-25 as if fully stated herein.

27. At the time of her termination, Ms. Garcia was eligible for FMLA leave at any point that the situation would arise.

28. Ms. Garcia gave notice to Defendant that she would likely experience an FMLA covered event (pregnancy) in the near future that would require FMLA leave.

29. Ms. Garcia provided enough information for Defendant to know that Plaintiff's potential leave may be covered by the FMLA.

30. As soon as her new supervisor was told that she was pregnant, he cut off communication with her, never actually evaluating her as an employee.

31. Despite knowledge of Ms. Garcia's pregnancy, Defendant terminated her before she was scheduled to give birth and would need to take FMLA leave.

32. The reason for her termination was because she was going to take FMLA leave in the near future.

33. As a result, Plaintiff has been damaged.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. Enter judgment in Ms. Garcia's favor and against Defendant for violations of the FMLA;

b. Award Ms. Garcia actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

c. Award Ms. Garcia compensatory damages under the FMLA for embarrassment, anxiety, humiliation and emotional distress Ms. Garcia has and continues to suffer;

d. Award Ms. Garcia liquidated damages;

e. Reinstatement;

f. Award Ms. Garcia prejudgment interest on her damages award;

g. Award Ms. Garcia reasonable costs and attorney's fees; and

h. Grant Ms. Garcia such other and further relief, as this Court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all issues triable in each count of this Complaint.

Dated: April 11, 2022.

Respectfully submitted,

By: s/ R. Edward Rosenberg
R. Edward Rosenberg, Esquire
Fla. Bar No.: 88231
Email: rer@sorondorosenberg.com
Sorondo Rosenberg Legal PA
1825 Ponce de Leon Blvd. #329
Coral Gables, FL 33134
T: 786.708.7550
F: 786.204.0844

Attorney for Plaintiff